SULLIVAN, Justice,
concurring in result.
I agree with Justice Boehm that defendant’s pre-trial objections to the admissibility of Dr. Namie’s testimony were adequately preserved for appeal. However, I concur in the Court’s opinion because I believe that even if the Namie testimony was erroneously admitted, it was harmless error for purposes of this appeal.
As the Court’s opinion recites, two claims were presented to the jury in this case: assault and intentional infliction of emotional distress. To prove the latter claim, plaintiff was required to prove that defendant (1) engaged in “extreme and outrageous” conduct that (2) intentionally or recklessly (3) caused (4) severe emotional distress. Doe v. Methodist Hosp., 690 N.E.2d 681, 691 (Ind.1997) (citing Restatement (Second) of Torts § 46 (1965) and other cases). Plaintiff offered Namie’s testimony in an effort to establish these elements; the Namie testimony did not go to the elements of plaintiffs assault claim. But the jury acquitted defendant of intentional infliction of emotional distress. For this reason, even if the testimony was erroneously admitted, it was harmless error in respect of the judgment on the assault claim — the only claim being reviewed in this appeal.